HATCH (NICHOLSON PAVEMENT CO. v.). See Case No. 10,251.

HATCH (PHILIPS v.). See Case No. 11,094.

---

## Case No. 6,208.

### HATCH v. PRESTON.

[1 Biss. 19.] [1]

Circuit Court, D. Illinois. April Term, 1853.

FEDERAL COURTS — JURISDICTION — EFFECT OF PRIOR DECREE OF STATE COURTS UPON THE SAME MATTER.

1. The fact that a suit is connected with and grows out of matters litigated in a state court,

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

does not prevent this court from taking jurisdiction in the case, if otherwise within the 12th section of the act of 1789 [1 Stat. 79], for the removal of cases from the state to United States courts.

2. A decree of the state court binds all parties before it, and this court will not reverse or alter it, but where a second suit is brought to connect other parties with the transaction and obtain a decree against them, there is no force in the objection that this is not an original proceeding, and that this court by assuming jurisdiction, would interfere with the decree of the state court.

3. The defendants not being precluded from maintaining the main point in controversy here by anything appearing in the decree of the state court, it is within the meaning of the act a suit commenced against them.

In equity.

Blackwell & Beckwith, for plaintiff.
Mr. Grimshaw, for defendants.

DRUMMOND, District Judge. On the 18th of March, 1848, Reuben Hatch, the present plaintiff, filed a bill on the equity side of the circuit court of Pike county, in this state, against John Preston one of the present defendants, and the representatives of James Wilson. The bill alleged that Hatch and Wilson had become indebted to Preston in the sum of $10,327.20 in four notes, to secure the payment of which they had executed a mortgage on certain lands—that Wilson in 1836 sold his interest to Hatch, and the latter assumed payment to Preston, and Wilson was deceased—that there was due Preston about $10,000—that Preston had become indebted to Hatch in a larger amount on notes of Preston, which had been assigned to him. The bill prayed for a set-off to be allowed and a satisfaction of the mortgage.

Preston answered, stating that the notes given to him had been assigned to a third party, and denied the indebtedness on the notes held by Hatch. In July, 1851, a decree was made allowing the set-off; and in October following, a final decree was entered finding due from Preston to Hatch the sum of $3,069.50, and directing the notes of Hatch and Wilson to Preston to be delivered up by the latter, and on delivery the master was to cancel them. Preston was required to enter satisfaction of the mortgage, and on default the master was to do it, and a perpetual injunction was issued against using or negotiating the notes and mortgage. The master entered satisfaction of the mortgage in conformity with the decree.

At the March term, 1853, a bill was filed on the equity side of the same court against Preston and Thaxter, the present defendants, who at the time were not citizens of Illinois, by Reuben Hatch, now plaintiff, at that time a citizen of Illinois. The bill recited the foregoing facts, and alleged that Preston had not delivered up the notes, and that Thaxter pretended to be the owner of the notes and mortgage and threatened to sue to recover the same; that Preston fraudulently transferred them to Thaxter to evade the decree after the equitable right of set-off had accrued, and after the suit before mentioned was commenced. The bill charges that Preston is the real owner of the notes and mortgage, and was at the time the bill was filed in 1848; that the allegation made by Preston in his answer that he had assigned the notes was disproved in the former case. The bill prays for an injunction, &c., and that the notes and mortgage be delivered up, &c. The defendants being non-residents, notice of the suit was given according to the practice in this state.

At the proper time the defendants presented their petition to have the cause removed to this court under the act of congress, and it was removed accordingly. At this time the counsel of the plaintiff moved to dismiss the cause for want of jurisdiction, and to remand it to the court from which it came, as having been improperly sent here.

The act of congress provides that, if a suit be commenced in any state court by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, the cause shall be removed on a proper application to the circuit court of the United States. Judiciary Act 1789, § 12 (1 Stat. 79); Gordon v. Longest, 16 Pet. [41 U. S.] 97.

There is no objection made to the form or manner of the application, and it is not denied but the parties were in a condition as to citizenship, to enable the defendants to avail themselves of the act of congress. But it is strenuously insisted, that this bill is not an original proceeding, but is a mere sequence of the former suit in the state court. The plaintiff had obtained a decree for the delivery of the notes, and that satisfaction should be entered on the mortgage, which last has been done in accordance with the decree, but the former has not, and the allegation is, that Thaxter is by collusion the mere nominal owner of the notes, and the objection is that if this court assumes jurisdiction of the case, it will be an interference with the decree of the state court.

It may be admitted that this controversy is connected with the litigation in the state court, and the bill seeks in some sort to carry the decree into effect as to the delivering up of the notes. But if the court were to go on and do what the bill wishes to be done, it would do no more as to Preston than the state court has already done. A court of equity would hardly sustain jurisdiction of a cause for the purpose of repeating decrees already made. It could only be in consequence of the altered condition of the parties, or of new facts, that the court would look into the case anew. If this bill necessarily involved a revision or alteration of the decree of the state court, there would be great weight in

the objection of the plaintiff's counsel, but it seems to me that it does not. In fact, the bill does not ask for it, and even if the cause were to proceed in the state court, the decree would have to stand. Story, Eq. Pl. §§ 429, 430. It must be the same here. This court could not in this proceeding interfere with or modify the decree of the state court. So long as it is unreversed it is binding upon all the parties to it. But the main point is as to the effect of this decree upon those who were not parties, and while it is clear that Preston is bound by it, it is equally clear, that from anything that appears upon the face of the proceedings in the state court, Thaxter is not bound by that decree. If binding on him, it must be in consequence of something not brought to the knowledge of the state court, and it is avowedly for the purpose of obtaining a decree binding upon him that the present bill is filed. The only question therefore for this court to examine, is, whether this is a suit commenced in the state court against these defendants, within the meaning of the 12th section of the judiciary act. If it is, then the duty of this court to entertain jurisdiction is imperative, as much so, as is the obligation, in such circumstances, on the part of the state court to decline jurisdiction. And after a proper application has been made in a proper case to the state court, to remove the cause to the circuit court of the United States, any subsequent step in the state court is illegal and invalid. Gordon v. Longest [supra]. And it would appear there could not be much doubt but that this is a suit commenced against these parties within the meaning of the act of congress. It is not the less a suit because it grows out of matters already litigated between one of the defendants and the plaintiff, and is, in some respects, connected with that suit. The main question, it would seem, to be decided in this case, will be whether Thaxter held the notes bona fide by assignment in due course of business before their maturity, a fact which, if it exist, he is not precluded from showing by anything that appears in the decree of the state court.

The motion to dismiss and to remand the cause is consequently overruled.

[In Case No. 13,866 a bill in equity to foreclose the mortgage mentioned in this case was dismissed upon the ground of want of jurisdiction under the eleventh section of the judiciary act of 1789.]